IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10318
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS PEREZ, also known as Enrique Perez,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-342-1-T
- - - - - - - - - -
December 9, 1998

Before DAVIS, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Thomas Perez, also known as Enrique Perez, appeals from his sentence following conviction for conspiracy to possess with intent to distribute cocaine. Perez argues that the district court erred by increasing his offense level by three levels pursuant to U.S.S.G. § 3B1.1(b) for being a manager or supervisor of a criminal activity involving five or more participants. Perez does not challenge the district court's factual findings, but argues that the district court erred in concluding that its factual findings warranted application of § 3B1.1(b).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's factual findings for clear error and the application of the sentencing guidelines de novo. United States v. Sylvester, 143 F.3d 923, 931 (5th Cir. 1998). A finding that a defendant is a manager or supervisor pursuant to § 3B1.1(b) is a factual finding. United States v. Morris, 46 F.3d 410, 419 (5th Cir. 1995). A factual finding is not clearly erroneous if it is plausible in light of the entire record. Id.

To qualify for this adjustment, Perez must have been the manager or supervisor of one or more other participants. § 3B1.1, comment. (n.2). The district court found that Perez warranted the § 3B1.1(b) adjustment because he handled the negotiations, he made trips back and forth between the parties, and the other coparticipants were acting as his assistants. Based on the testimony of the DEA agent and informant involved in the undercover operations leading to the arrest of Perez, Perez was acting as a manager or supervisor regarding two of his coparticipants. The district court did not err in applying § 3B1.1(b) to Perez's sentence.

AFFIRMED.